# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SKYGLASS, INC. | § § | |
| v. | § § | CASE NO. 3:19-CV-1087-S |
| PARTNERSHIP, LLC and FREIGHT STAR, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order concerns Plaintiff SkyGlass, Inc.'s ("Plaintiff") Motion to Remand [ECF No. 14]. For the reasons that follow, the Court grants in part and denies in part the Motion.

### I.     BACKGROUND

Defendant PartnerShip, LLC ("PartnerShip") removed the above-captioned action on May 7, 2019, based on diversity and federal question jurisdiction. *See* Notice of Removal ¶¶ 5-18. PartnerShip claimed that Plaintiff sought monetary relief in excess of $100,000 and that complete diversity existed between the parties: Plaintiff is a Texas corporation with its principal place of business in Texas; PartnerShip is an Ohio limited liability company, and its sole member is an Ohio corporation whose principal place of business in Ohio; and, Defendant Freight Star, Inc. ("Freight Star") is an Ohio corporation with its principal place of business in Ohio. *Id.* ¶¶ 6-8. PartnerShip further pleaded that Plaintiff's action involved a federal question because it implicated the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501, and the Carmack Amendment, 49 U.S.C. § 14706. *Id.* ¶¶ 12-18. PartnerShip, however, did not obtain Freight Star's consent before removing the action, stating that Freight Star "has not filed an Answer . . . or otherwise appeared in the" state court action. *Id.* ¶ 4. On May 23, 2019, Plaintiff filed an Amended Complaint that included allegations under the Carmack Amendment, *see* First Am. Compl.

¶¶ 17-18, and "reserved the right . . . to either contest jurisdiction or contend that the removal procedure utilized in this case was improper." *Id.* at 1 n.1. Plaintiff filed its Motion to Remand on May 31, 2019, which is now fully briefed before this Court.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008). The Court must resolve all "doubts regarding whether removal jurisdiction is proper . . . against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citations omitted). Additionally, the Court must strictly construe removal statutes "against removal and for remand." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)).

The removal statute has been interpreted to require that all defendants properly joined and served at the time of removal consent to the notice of removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)). This is commonly known as the "unanimity rule," "unanimity of consent rule," or the "unanimous consent rule." *See Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (referring to "unanimity of consent rule" (citation omitted)); *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 375 (5th Cir.2006) (referring to "unanimity rule"); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (referring to "unanimous consent rule").

---

[1] PartnerShip and Freight Star filed responses to Plaintiff's Motion on June 21 and 24, 2019, respectively. Plaintiff did not file a reply.

2

## III. ANALYSIS

### A. *Motion to Remand*

Plaintiff argues that this case should be remanded because Freight Star did not consent to the removal. Plaintiff is correct that "28 U.S.C. § 1446(a) requires that all defendants join in a petition for removal," and that remand is appropriate when one defendant does not consent to the removal. *Ortiz*, 431 F. App'x at 307 (first citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); and then citing *Kerwood*, 969 F.2d at 169). Defendants respond that the Court should disregard Freight Star's lack of consent because: (1) the action was removed on the basis of federal question jurisdiction; (2) Freight Star was not served; (3) PartnerShip did not know that Freight Star was served; (4) the extraordinary circumstances of this case warrant the Court upholding removal; and (5) Plaintiff waived its right to remand. For the reasons that follow, the Court disagrees with these arguments and remands the action to state court.

#### (1) *Federal Question Jurisdiction*

"When a civil action is removed solely under 28 U.S.C. § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2). Section 1441(a), in turn, authorizes removal of any civil action brought in a state court to the federal court, if the federal court would have original jurisdiction over that dispute. *See* 28 U.S.C. § 1441(a). The term "solely" in Section 1446(b)(2) is intended to distinguish cases that are removed on the basis of § 1441(a) from those that are removed under another removal statute. *See Penson Fin. Servs., Inc. v. Golden Summit Inv'rs Grp., Ltd.*, Civ. A. No. 3:12-CV-300-B, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (collecting statutes). Thus, in cases removed on the basis of diversity or federal question jurisdiction, all defendants must consent to removal unless a statute other than § 1441 authorizes the removal without one defendant's consent.

3

Here, PartnerShip suggests that 28 U.S.C. § 1337 or 49 U.S.C. § 14706(d) authorizes removal without consent. The Court disagrees. Section 1337 provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce," but does not provide an independent basis for removal. 28 U.S.C. § 1337(a). Similarly, § 14706(d) provides that "[a] civil action under this section *may* be brought against a delivering carrier in a [U.S.] district court," but does not independently authorize removal of such actions. 49 U.S.C. § 14706(d) (emphasis added). In fact, PartnerShip's notice of removal relied solely on 28 U.S.C. § 1446 and did not identify any other statute authorizing removal of the action. *See* Notice of Removal ¶¶ 19-21. Thus, PartnerShip has not suggested any statute that would authorize removal without Freight Star's consent, and the Court has found none. Accordingly, the Court finds that Freight Star needed to consent to the removal even if PartnerShip removed on the basis of federal question jurisdiction.

### (2) *Lack of Service*

A court does not need to remand a case for a defendant's failure to consent to the removal, however, if the non-consenting defendant was not properly served. *See Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015); *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring consent for all "joined and served"). To warrant this exception to the unanimous consent requirement, the defendant must show that service was improper, *see, e.g.*, *RIH Acquisitions MS II, LLC v. Clarke Power Servs., Inc.*, 489 F. Supp. 2d 597, 600 (N.D. Miss. 2007), because the defendant has the burden of establishing the propriety of removal. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, PartnerShip asserts that "the state court docket did not reflect any proof of service upon Freight Star," but does not argue that Freight Star was not properly served. As "any doubts about removal" must be "resolve[d] . . . in favor of remand," the Court

4

finds that PartnerShip did not meet their burden of showing that the removal is proper. *Acuna*, 200 F.3d at 339. Accordingly, the Court finds that Freight Star needed to consent to the removal.

### (3) *Lack of Knowledge*

Some courts have also refused to remand actions where the removing defendant did not know and should not have known that the codefendant was served at the time of removal. *See, e.g., LinkEx, Inc. v. CH Robinson Co.*, Civ. A. No. 3:10-CV-2372-M, 2011 WL 1447570, at *1-2 (N.D. Tex. Apr. 12, 2011) (citations omitted). This exception to the unanimous consent requirement does not, however, encourage willful ignorance. A court must consider whether the removing defendant reasonably should have sought consent of the non-removing defendant. *See Getty Oil Corp.*, 841 F.2d at 1263 n.12. Moreover, the removing defendant should make some effort to contact the other defendants listed on the pleadings to ascertain whether other defendants have been served and whether other defendants consent to the removal. *See Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, Civ. A. No. 3:09-CV-1937-D, 2010 WL 1711767, at *4-5 (N.D. Tex. Apr. 28, 2010).

Here, PartnerShip's Notice of Removal includes the summons that was issued to Freight Star through the Texas Secretary of State. *See* Notice of Removal Ex. 1. Had PartnerShip taken the time to review the Texas Secretary of State's website,[2] PartnerShip could, and should, have discovered that the summons to Freight Star reflects a return receipt dated April 26, 2019—well before PartnerShip filed its Notice of Removal. Regardless, there is nothing in the record that suggests that PartnerShip made even minimal effort to contact Freight Star despite knowing that it is a co-defendant. In fact, Freight Star filed an answer in state court *after* PartnerShip filed its Notice of Removal, which shows that it was unaware of PartnerShip's removal. *See* Freight Star's

---

[2] https://direct.sos.state.tx.us/citations/ServiceOfProcessSearch.asp.

Resp. 2-3. Thus, while PartnerShip may not have known that Freight Star was served, the Court cannot conclude that PartnerShip should not have known that it was served.

### (4) *Extraordinary Circumstances*

Freight Star suggests that the Court should uphold the removal because of the exceptional circumstances of this case.[3] *See* Freight Star's Resp. 4-5 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)). The Fifth Circuit in *Brown*, however, articulated "a narrow exception to the 'first-served defendant' rule," and did not recognize an exception to the unanimity requirement. *See Carr v. Mesquite Indep. Sch. Dist.*, No. Civ. A. 3:04-CV-2439-D, 2004 WL 1335827, at *2-3 (N.D. Tex. June 14, 2004) (citing *Kerwood*, 969 F.2d at 169). Even if the Court could uphold the defective remand in this case, the Court finds that the facts of this case are not so exceptional as to justify disregarding the "significant federalism concerns" underlying the removal statute, *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)), or to relieve PartnerShip of its burden of showing that federal jurisdiction exists and that removal was proper. *See Acuna*, 200 F.3d at 339. Consequently, the Court does not find that an exception to the removal procedure is warranted here.

### (5) *Waiver of Procedural Defect*

Finally, Freight Star contends that Plaintiff waived its right to seek remand. *See* Freight Star's Resp. 1-2. District courts have discretion to determine whether a plaintiff has waived his or her right to remand. *See Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). A plaintiff waives a procedural defect by substantially participating in the litigation before the district court. *See Target Strike, Inc. v. Marston & Marston, Inc.*, 524 F. App'x 939, 943 (5th Cir. 2013)

---

[3] Freight Star also contends that it indicated consent by filing an answer in federal court, but filing an answer in federal court does not constitute consent to removal. *See Dees v. Singh*, Civ. A. No. 3:17-CV-2885-L, 2018 WL 4184783, at *6 (N.D. Tex. Aug. 31, 2018).

(holding that a plaintiff waived the procedural defect by twice amending the complaint and allowing the court to grant summary judgment in favor of some defendants); *Kidd v. Sw. Airlines, Co.*, 891 F.2d 540, 547 (5th Cir. 1990) (holding that amending complaint after denial of a motion to remand was taking advantage of the federal forum and constituted waiver); *Johnson*, 864 F.2d at 42 (holding that engaging in considerable discovery, amending complaint, and filing motion to remand after defendants filed for summary judgment was substantial participation in the litigation that constituted waiver of right to seek remand). A plaintiff does not waive a procedural defect, however, by merely amending the complaint. *See Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 199 F.3d 781, 787 (5th Cir. 2000) (holding that despite plaintiff amending complaint the doctrine of waiver did not apply because plaintiff timely moved to remand), *opinion withdrawn and superseded in part on other grounds*, 207 F.3d 225 (5th Cir. 2000). Here, Plaintiff only amended its complaint, which does not constitute extensive, post-removal litigation. Moreover, Plaintiff expressly preserved the procedural defect in a footnote to its Amended Complaint. *See* First. Am. Compl. 1 n.1. After resolving all doubts in favor of remand, the Court finds that Plaintiff did not waive its objection to the defective removal. Consequently, the Court grants the Motion to Remand.

### B. *Motion for Attorneys' Fees*

In addition to moving to remand the case, Plaintiff requested an award of attorneys' fees incurred in preparing the Motion. *See* Mot. 3. The Court retains discretion to award to a party "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To award attorneys' fees and costs, however, the Court must find that PartnerShip "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds that PartnerShip's removal is defective and that remand is warranted, the Court does not find that PartnerShip lacked an

7

objectively reasonable basis for seeking removal. Accordingly, the Court denies the request for attorneys' fees.

## IV.    CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's Motion to Remand but denies Plaintiffs' request for attorneys' fees. The case is remanded to the 160th District Court, Dallas County, for further proceedings.

**SO ORDERED.**

SIGNED August 14, 2019.

                                                    **KAREN GREN SCHOLER**
                                                    **UNITED STATES DISTRICT JUDGE**